J. MICHAEL SCHAEFER
1101 SAINT PAUL ST. #1605
BALTIMORE, MD. 21202
TEL./FAX (410)332 –1190
E: MIKE2004@COX.NET
PLAINTIFF PRO SE



# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

J. MICHAEL SCHAEFER                    **2:06-CV-01315-KJD-RJJ**

   Plaintiff

V.

JOHN E. LEACH;                         COMPLAINT FOR FRAUD,
WOODBURN & WEDGE,                      MALICIOUS PROSECUTION
a professional law corporation

   Defendants

---

JURISDICTION:

This case is arises under Title 28, sec. 1332, and the United States Constitution, Art. 3, section 2, in that it involves more than $75,000 and is between citizens of different states.

CAUSE OF ACTION:

1. Plaintiff is a citizen of the State of Maryland; defendant Leach is a citizen of Nevada; defendant Woodburn and Wedge is a professional law corporation whose principal office is at Reno, Nevada.

-1-

2. Defendant at all times relative was a partner or senior member of the firm of Woodburn and Wedge with all his acts and omissions being designed to further the financial coffers of the firm, as well as himself, without regard to the truth of actions taken as a member of said firm, he being said firm's agent acting within the scope and course of his authority in serving client Wimbledon Tennis Club, a condominium association wherein plaintiff resided at the time.,

3. As a result of malicious actions taken by defendant Leach, plaintiff was severely damaged on October 18, 2003 by suspension of his license to practice law in the State of California, the state where plaintiff was born, practiced law for 40 years, served as a legislator, and wished to continue his active practice in the profession in which he spent all of his adult life since graduation from Georgetown Law School and admission to the California Bar in 1964. Plaintiff's suspension was followed by his California disbarment in 2005.

4. Defendant Leach on a prior occasion had falsely complained to State Bar of Nevada that plaintiff Schaefer mislead Nevada District Judge Mark Gibbons(now Supreme Court Justice Mark Gibbons) by *trickery*, inserting into a Court Order in which Schaefer was prevailing party a $150 cost item, representing to said State Bar that said $150 costs had been *specifically DENIED*, and that the judge *inadvertently* signed said Order; and when defendant Leach demanded that that Schaefer stipulate to remove the $150 costs award, Schaefer refusing on basis that Nevada law, not Judge Gibbons, provide 'costs' to prevailing party-- said Leach on behalf of defendant Woodburn and Wedge, attorneys for Wimbledon Tennis Club, complained to the State Bar that they were *"forced"* to return to Court with a

motion to modify the $150 costs award, a motion that would generate at least $2,000 in attorney fees, a motion undertaken without specific disclosure or consent of the client as to the costs-benefit.   (Costs were awarded as a matter of right, pursuant to Nevada law, NRS 18.020, Judge Gibbons have declared Schafer the "prevailing party" and asked him to prepare he Order.. And at the time Schaefer acted, inserting the costs, they had not been **'denied'**, defendants knew this well, the Court in directing Schaefer to prepare-the-order merely stating "each party to bear their own attorney fees", **no mention of costs**, the law providing that they "shall" be recovered by prevailing party.   A month later, on defendant's motion, the Judge indicated that 'costs will follow the attorney fees', which in effect resulted in a modified order granting Schaefer all the relief he had sought, the Judge indicating to Schaefer "you did nothing wrong in having inserted the costs".

5.  Said false allegations to the State Bar of Nevada, were  followed-up on by the California Bar, resulting in Schaefer's 2003 suspension from practice followed by his disbarment by the Supreme Court of California in 2005.  Schaefer's being thrown out of the California bar was a direct result of  fraudulent representations of defendants,  being  the most serious of various charges made against Schaefer both in Nevada and California,  without which "fraud-upon-the-Court" charge there would  have been no disbarment by any jurisdiction

6.  Defendants acts were willful, malicious, with an *ulterior motive*, such that any public policy immunities enjoyed by citizens filing lawsuits or giving statements or testimony are not available, the important ingredient of "good faith" being totally absent in the actions taken by defendant and each of them.

7. The Wimbledon Tennis Club lawsuit sought declaratory relief, to permit Schaefer to be a candidate for the Board and vote the condominiums his family owned, he having been denied both of these rights for "not being in good standing", he having suffered seven $100 weekly fines for "littering", being the distribution under doors and mailbox area of his weekly 'Network', a self-published newsletter for the 112 condominium owner/residents that was often very critical of many of management's actions, and individual officers, provoking their ire to issue $100 weekly fines. Residents enjoyed "Network", officers detested it, usually destroying any copies left in open sight. Schaefer put the fines into arbitration pursuant to Nevada law, asserted it would be premature to pay the $700 now, with result that the Board declared him "not in good standing" thus not eligible to vote the family condominiums or be a candidate for the Board. This provoked the lawsuit, which defendants realized was a sure-winner, and promptly agreed fully to the relief sought by Schaefer(i.e. to vote and to run).

8. Defendants should be held to payment of punitive damages to discourage such outrageous actions and to encourage truth-telling in all professional complaints made against any professional person, and said defendants have full responsiblity for how the misinformation they provide to said state authorities is processed, interpreted,,and prosecuted. Such damages in an amount not less than triple the compensatory damages is warranted to dissuade such conduct and encourage integrity and credibility on the part of any attorney complaining against a fellow attorney with him he or his client may have civil disputes.

-4-

WHEREFORE, plaintiff demands judgment as follows:

1. Compensatory damages in the amount of $1,000,000;

2. Punitive damages in the amount of $3,000,000;

3. Costs of court necessarily incurred, and such further relief as appears just in the premises.

Date: October 18, 2006
J. Michael Schaefer
Plaintiff Pro Se

VERIFICATION:

J. Michael Schaefer declares under penalty of perjury that he has read the foregoing pleading, knows the contents thereof to be true of his own knowledge and belief

Executed October 18, 2006 at Las Vegas, Nv.

Jury Demand

Plaintiff demands trial by jury.

10-18-06      M Schaefer

-5-