THORNDAL, ARMSTRONG, DELK,
BALKENBUSH & EISINGER
Brian K. Terry, Esq.
Nevada Bar #003171
1100 E. Bridger Ave.
P.O. Box 2070
Las Vegas, Nevada 89125-2070
Tel: (702) 366-0622
Attorney for Defendants

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| J. MICHAEL SCHAEFER,<br><br>            Plaintiff,<br><br>vs.<br><br>JOHN E. LEACH, WOODBURN &<br>WEDGE, a professional law<br>corporation,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CASE NO. 2:06-CV-01315-KJD-RJJ

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS

COME NOW, defendants, by and through their counsel of record, Thorndal, Armstrong, Delk, Balkenbush & Eisinger, and hereby file the instant reply brief in support of defendants' motion for judgment on the pleadings, and request this honorable court to grant said motion since the Nevada Supreme Court has addressed the issue of the appropriateness of SCR 106, and has found the privilege extends to complainants, and the principal of stare decisis, when applied by this court, requires the instant motion be granted.

DATED this 8th day of May, 2007.

THORNDAL, ARMSTRONG, DELK,
BALKENBUSH & EISINGER

Brian K. Terry, Esq.
1100 East Bridger Avenue
P. O. Drawer 2070
Las Vegas, Nevada 89125-2070
Attorney for Defendants

THORNDAL, ARMSTRONG,
DELK, BALKENBUSH
& EISINGER
6590 S. McCarran, Suite B
Reno, Nevada 89509
(775) 786-2882

## I.

**A.    The Nevada Supreme Court Has Already Found That SCR 106 is Appropriate and Creates a Privilege for the Protection of the Complainant.**

As noted in the opposition, plaintiff concurs with the position of defendants, that Rule 106 does provide absolute immunity from civil liability to complainants. The dispute plaintiff proffers is the constitutionality of SCR 106. Plaintiff notes as follows on page 2 of his opposition:

> "If such rule is lawful, defendant prevails, if such rule is invalid, then plaintiff is entitled to make his case."

Such rule is valid, and has been upheld by the Nevada Supreme Court. Accordingly, by plaintiff's own admission, given that the rule is lawful, defendants in the instant matter prevail, and the motion should be granted.

In the Nevada Supreme Court case of *Shimrak v. Garcia-Mendoza, 112 Nev. 246, 912 P.2d. 822 (1996)*, the Court examined then SCR 106, and the grant of immunity it afforded. In *Shimrak*, the Nevada Supreme Court was confronted with the circumstance where Garcia-Mendoza allegedly violated rules of professional conduct by entering into a fee splitting agreement with prior counsel. Given that prior counsel was reprimanded for such activity, Garcia-Mendoza argued that SCR 106 would provide immunity. However, the Nevada Supreme Court, in reviewing carefully SCR 106, held that 106 would create a privilege for the protection of the complainant, but would not shield a disciplined attorney from other legal actions. After reviewing the public policy reasons for the SCR 106, the Court issued the following:

> On the other hand, there is no public policy interest in insulating attorneys from criminal or civil actions as a result of their misdeeds. We therefore hold that SRC 106 creates a privilege for the protection of the complainant but does not shield a disciplined attorney from other legal actions.

Id. at 825.

In application to the present case, the only claim against defendants arises from the conduct and activity which occurred pursuant to the complaint filed with the State Bar of Nevada. Under *Shimrak*, the Court has examined SCR 106 and determined that a privilege for the protection of the complainant exists. Therefore, the instant motion should be granted.

THORNDAL, ARMSTRONG,
DELK, BALKENBUSH
& EISINGER
6590 S. McCarran, Suite B
Reno, Nevada 89509
(775) 786-2882

- 2 -

## II.

### B.    Principle of Stare Decisis Suggests This Court Follow Shimrak Analysis.

Stare Decisis is the Latin phrase "to abide by, or adhere to, decided cases. It is the policy of courts to stand by precedent and not to disturb settled points. When the court has once laid down a principle of law as applicable to a certain state of facts, the court should adhere to that principle, and apply it to all future cases, where facts are substantially the same." (Black's Law Dictionary, Abridged 6th Edition). Courts likewise apply the principle of stare decisis.

"Stare Decisis" is the judicial obligation to follow precedent, and it lies at the very core of judicial process of interpreting and announcing law. *Herrera v. Quality Pontiac, 134 N.M. 43, 73 P.3d. 181 (N.M. 2003).* The Doctrine of Precedent, generally dictates that a court follow earlier judicial decisions when the same points of law arise again in litigation. *Robertson v. Perez, 156 Wash. 2d. 33, 123 P.3d. 844, (Wash. 2005).* Numerous other jurisdictions adhere to the legal principle of stare decisis.

When applying stare decisis to the instant case, the Nevada Supreme Court has already analyzed SCR 106, and has determined that a privilege applies under 106 for absolute protection from civil liability to complainants under the rule. The Court also ruled that 106 does not shield a disciplined attorney from other legal actions. This satisfies the policy concerns of affording immunity, yet at the same time does not protect inappropriate activity from counsel.

In the present case, all activity upon which plaintiff relies for his claim against defendants was out of the State Bar action. This is undisputed and unrefuted. Accordingly, when applying the analysis of *Shimrak*, the privilege for protection to the complainant applies, and the motion for judgment on the pleadings should be granted. As appropriately noted by plaintiff in his opposition,

> "If such rule is lawful, defendant prevails. If such rule is invalid, then plaintiff is entitled to make his case."

The Nevada Supreme Court has already ruled that SCR 106 is lawful, thus defendants prevail.

. . .

THORNDAL, ARMSTRONG,
DELK, BALKENBUSH
& EISINGER
6590 S. McCarran, Suite B
Reno, Nevada 89509
(775) 786-2882

- 3 -

## III.

## CONCLUSION

Based on the analysis provided above, it is respectfully requested of this honorable court to grant the instant motion for judgment on the pleadings, and dismiss plaintiff's complaint.

DATED this 8th day of May, 2007.

THORNDAL, ARMSTRONG, DELK,
BALKENBUSH & EISINGER

_____
Brian K. Terry, Esq.
1100 East Bridger Avenue
P. O. Drawer 2070
Las Vegas, Nevada 89125-2070
Attorney for Defendants

## CERTIFICATE OF SERVICE

Pursuant to FRCP Rule 5(b), I hereby certify that I am an employee of the law firm of THORNDAL, ARMSTRONG, DELK, BALKENBUSH & EISINGER, A Professional Corporation, and that on the 8th day of May, 2007, I duly deposited for mailing at Las Vegas, Nevada, a true and correct copy of the above and foregoing **DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS**, postage prepaid, addressed to

J. Michael Schaefer
1101 Saint Paul Street, #1605
Baltimore, MD 21202

_____
AN EMPLOYEE OF THORNDAL, ARMSTRONG, DELK, BALKENBUSH & EISINGER

THORNDAL, ARMSTRONG,
DELK, BALKENBUSH
& EISINGER
6590 S. McCarran, Suite B
Reno, Nevada 89509
(775) 786-2882

- 4 -