# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

J. MICHAEL SCHAEFER,

   Plaintiff,

v.

JOHN E. LEACH, et al.,

   Defendants.

Case No. 2:06-CV-01315-KJD-RJJ

**ORDER**

  Presently before the Court is Defendants' Motion for Judgment on the Pleadings (#11). Plaintiff filed his Response (#12) to which Defendants filed a Reply (#13).

**I. Background**

  Defendant Leach was a member of the law firm of Woodburn & Wedge, also a Defendant, during the times relevant to this case. Defendant Leach, acting on behalf of his client, the Wimbledon Tennis Club condominium association, made a complaint to the Nevada State Bar against Plaintiff alleging that Schaefer improperly asserted $150 in costs that the court had denied in a previous order. (Pl.'s Opp'n to Defs.' Mot. at 2). In the course of the resulting disciplinary proceedings, Defendant Leach provided testimony to the Nevada State Bar against Plaintiff, who was ultimately disbarred in both Nevada and California. (Defs.' Mot. at 2.) Plaintiff brought the present case for damages "as a result of losing his license to practice in both California and in Nevada." Id.

Defendants moved for judgment on the pleadings, arguing that under Supreme Court Rule 106, Leach is immune from suit in this case.

**II. Standard for Judgment on the Pleadings**

Dismissal on the pleadings is proper if "the moving party is clearly entitled to prevail." Austad v. United States, 386 F.2d 147, 149 (9th Cir. 1967). "[A]ll allegations of fact of the opposing party are accepted as true." Id.  Generally, district courts do not grant a Rule 12(c) dismissal "unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1368, at 690 (1969) (footnote omitted). Accord PVM Redwood Company, Inc. v. United States, 686 F.2d 1327 (9th Cir. 1982), cert. denied, 459 U.S. 1106 (1983).

**III. Analysis**

As an initial matter, since this Court's jurisdiction is invoked upon diversity of citizenship, we are bound to apply the substantive law of Nevada. Erie Railroad v. Tompkins, 304 U.S. 64 (1938); Strassberg v. New England Mutual Life Ins. Co., 575 F.2d 1262 (9th Cir. 1978).  Here, Schaefer is challenging the validity of the immunity privilege under Supreme Court Rule 106.  (Pl.'s Opp'n to Defs.' Mot. at 2.)  Rule 106 reads:

> Rule 106.  Privilege and limitation.
>
> 1. Privilege. All participants in the discipline process, including grievants, bar counsel staff, members of disciplinary panels, the LOMAP director and staff, diversion monitors and staff, and witnesses, shall be absolutely immune from civil liability. No action may be predicated upon the filing of a disciplinary complaint or grievance or any action taken in connection with such a filing by any of the participants.

To buttress his contention, Plaintiff Schaefer argues that the law in this area is mixed, and that to be valid, the grant of immunity under SCR 106, requires that the complainant act in good faith, and that there be probable cause for the complaint. Id.  Schaefer concedes that "[i]f [SCR 106] is lawful, [D]efendant prevails, if such rule is invalid, then [P]laintiff is entitled to make his case." (Pl.'s Opp'n to Defs.' Mot. at 2.)

2

Plaintiff's argument that the immunity privilege requires that the complainant act in good faith, and that there be probable cause, is inaccurate.[1] (Pl.'s Opp'n to Defs.' Mot. at 2.) As described in 53 C.J.S. § 119, "[t]here is an absolute privilege extended to anyone who files a complaint with a state bar association alleging unethical conduct by an attorney. Statements contained therein are protected so long as they are made within the framework of the disciplinary process and are reasonably relevant to the complaint." The 1996 version of SCR 106 included a good faith requirement. The Rule stated, "[A] complaint filed *in good faith* and any investigations, testimony, hearing, or reprimand related to it are absolutely privileged, and no action may be predicated on such matters." Shimrak v.Garcia-Mendoza, 912 P.2d 822, 825 (Nev. 1996)(emphasis added). However, the Nevada Supreme Court adopted an amendment to SCR 106 in 1997, that removed the good faith language, and made the application of SCR 106 immunity even more broad than the Rule's prior language.

The Nevada Supreme Court's ruling in Shimrak v. Garcia-Mendoza, dealt squarely with the question of immunity under SCR 106, albeit the pre-amendment version, and guides this Court's analysis in the instant case. 912 P.2d at 825. The case involved a private investigator who sued the Garcia-Mendoza law firm ["the firm"] for payment he claimed the firm owed him. A member of the Garcia-Mendoza firm had entered into a prohibited fee-splitting agreement with Plaintiff Shimrak, causing the Nevada State Bar to privately reprimand the attorney. The firm argued that because the fee-splitting agreement led to the attorney's involvement in a State Bar disciplinary proceeding, SCR 106 rendered the firm immune from Shimrak's subsequent lawsuit seeking payment. The Nevada Supreme Court

---

[1] Plaintiff relies on the New Jersey Superior Court holding in Friedland v. Podhoretz, 415 A.2d 381, 382 (N.J.Super.1980) to support his claim that "complaints to disciplinary boards are not subject to absolute privilege." (Pl.'s Opp'n to Defs.' Mot. at 3.) The Friedland case is inapposite here because the New Jersey court was faced with a very different question than the one before this Court. The Friedland court was asked to decide "whether the statute [N.J.S.A. 2A:47A-1] is unconstitutional as an encroachment upon the jurisdiction of the [New Jersey State] Supreme Court over the discipline of attorneys." Friedland v. Podhoretz, 415 A.2d at 382. The New Jersey statute in Friedland specifically rejected the cloak of absolute immunity for complainants to disciplinary boards: "Any person who falsely and maliciously and without probable cause makes a complaint . . . against a member of any profession . . . shall be liable for any and all damages suffered . . . to be recovered in a civil action. . . ." N.J.S.A. 2A:47A-1. Nevada Supreme Court Rule 106, at issue here, provides absolute immunity in these same circumstances: "All participants in the discipline process . . . shall be *absolutely immune* from civil liability." SCR 106 (italics added).

3

disagreed, holding that SCR 106 "creates a privilege for the protection of the complainant but does not shield a disciplined attorney [or his law firm] from other legal actions." Id. at 825. The court explained the distinction further: "A statement made in a judicial proceeding enjoys an absolute privilege against a defamation action as long as the allegedly defamatory statement is reasonably related to the proceeding in which it appears." (quoting Hecht v. Levin, 613 N.E.2d 585, 587 (Ohio 1993)).

Despite rejecting the argument that the Garcia-Mendoza firm enjoyed immunity from Shimrak's lawsuit, the court did recognize the importance of preserving immunity for those who make statements in relation to bar complaints, such as the one at the core of the present action. The court maintained that "[t]his privilege is necessary to encourage the cooperation of witnesses and is based upon public policy that a witness' testimony be privileged in order that the witness feel free to perform a public duty with knowledge that he or she will be insulated from harassment and financial burdens resulting from subsequent litigation." Id. (quoting Klapper v. Guria, 582 N.Y.S.2d 892, 896 (N.Y.Sup.Ct. 1992)). Adopting the New Jersey Supreme Court's reasoning, the Garcia-Mendoza court stated, "the strong public policy in favor of maintaining strict adherence to the rules of discipline require[s] the removal of any impediment to the effective functioning of the disciplinary system." Id. (citing Matter of Hearing on Immunity for Ethics Com., 477 A.2d 339, 340 (N.J. 1984)). The court further held that "allowing complainants to be potentially vulnerable to lawsuits brought by attorneys against whom they complain[] was deemed to be such an impediment." Id.

The public policy expressed by the court in Shimrack was codified approximately one year later, in the 1997 amendment to SCR 106. As stated above, the language of the amended Rule grants absolute immunity from civil liability to all participants in the discipline process, irrespective of whether or not the complaint or grievance was brought in good faith. The Rule also precludes any action predicated upon the filing of a grievance or disciplinary complaint.

Furthermore, though not controlling in this case, the Court finds the reasoning of the California Court of Appeals in Stanwyck v. Horne, 146 Cal.App.3d 450 (1983), relative to the instant case. In Stanwyck, the court heard a complaint alleging that the defendant had initiated a false complaint with

4

the California State Bar without probable cause. Id. at 453. The California State Bar investigated the charges, found them to be untrue, and terminated the investigation. Id. Before the court, Stanwyck argued that "a person who lodges a complaint before an administrative body is subject to an action for malicious prosecution and that respondents 'initiated' such a complaint against him despite the State Bar's own investigation." The court disagreed, and dismissed the case. Id. One of the reasons the court expressed for dismissing the action was the finding that the Bar conducted its own independent preliminary investigation. Id. at 457. Here, Plaintiff cites Stanwyck, and argues that the State Bar may not have properly investigated the complaint made against him, but instead "accepted it at face value." (Pl.'s Opp'n to Defs.' Mot. at 4). As in Stanwyck, though not the controlling basis upon which the Court makes its determination here, the Court finds that the Nevada Supreme Court Rules in place at the time of Leach's bar complaint set forth adequate procedure to ensure that the complaint was properly investigated.[2]

Therefore, under the Nevada Supreme Court's reasoning in Garcia-Mendoza, and the revised language of SCR 106, the Court finds that Defendants are clearly entitled to prevail in the instant case. No issue of material fact remains for resolution, and Defendants are entitled to judgment on the pleadings.

---

[2] Currently, and at the time Defendants' complaint was filed with the Nevada State Bar, Nevada Supreme Court Rule 105 set out the detailed procedure a complaint or grievance filed with the State Bar must undergo before disciplinary action will be taken against an attorney. The process, as detailed by SCR 105, includes an extensive investigation entailing screening panel review, notice and election, hearing, and potential dismissal of the grievance. If the grievance is found to be meritorious, formal disciplinary proceedings are commenced by bar counsel filing a written complaint in the name of the state bar with the appropriate disciplinary board. Upon referral to a discipline board, a State Bar investigator or Bar Counsel will complete the investigation and a staff attorney will recommend specific action to the discipline screening. Furthermore, under SCR 105, the attorney has the right to appeal a panel decision to the Nevada Supreme Court, and in cases of disbarment, the case is automatically appealed to the Nevada Supreme Court. See, Nev. SCR 105.

**IV.  Conclusion**

     Accordingly, IT IS HEREBY ORDERED that Defendants' Motion for Judgment on the Pleadings (#11) is **GRANTED**.

     DATED this 11th  day of June 2007.

_____
Kent J. Dawson
United States District Judge